IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DAWN,

    Petitioner,

v.                                                                     Civil Action No. 1:18cv156
                                                                     (Judge Kleeh)

FREDERICK ENTZEL,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 15, 2018, the *pro se* Petitioner, James Dawn ("Dawn"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to a deficiency notice, on August 20, 2018, Petitioner paid the $5.00 filing fee. ECF No. 4.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 6.

On February 20, 2019, United States Magistrate Judge Michael J. Aloi determined that summary dismissal was not appropriate and directed the respondent to show cause why the petition should not be granted. ECF No. 7. On March 6, 2019, Respondent filed a Motion to Dismiss for failure to state a claim and for lack of jurisdiction, with a memorandum in support, attaching a sworn declaration and certain documents. ECF Nos. 10, 11. A Roseboro Notice was issued on March 19, 2019. ECF No. 12. Petitioner did not file a response.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

### II. The Pleadings

A. **The Petition**

In his petition, Dawn challenges a prison disciplinary proceeding, contending that the Bureau of Prisons ("BOP") failed to follow its own policy, in violation of the <u>Accardi</u> Doctrine[1] and his due process rights. ECF No. 1-1 at 1. He contends that on December 15, 2015, he received an Incident Report for a Code 104 violation (possessing a dangerous weapon); at a January 29, 2016 DHO hearing, he was found guilty and sanctioned with the loss of 41 days of Good Conduct Time ("GCT") and was reclassified to a higher security level. <u>Id.</u> He avers that did not receive the Disciplinary Hearing Officer's ("DHO") report until one day past the 20-day deadline; impermissibly, the DHO was his own unit manager, and no Unit Disciplinary Committee ("UDC") hearing was ever held. <u>Id.</u> He contends that he administratively grieved the claim and it was "remanded at one level denied at another." ECF No. 1 at 8. The regional office ordered a remand for re-investigation and new proceedings in April, 2016 but no re-investigation was ever done. ECF No. 1-1 at 1 – 2.

As relief, he seeks to have Incident Report 2794222 expunged; all imposed sanctions rescinded, including the restoration of 41 days of Good Conduct Time ("GCT"), and the recalculation of his custody classification. ECF No. 1 at 8; <u>see also</u> ECF No. 1-1 at 1.

B. **Respondent's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), Construed here as a Motion for Summary Judgment**

Respondent argues that the case should be dismissed for lack of subject matter jurisdiction because it is moot – Dawn's Incident Report has already been expunged; his sanctions were rescinded and his GCT has been restored. ECF No. 11 at 2 – 3. In support, Respondent attaches the sworn declaration of Susan Giddings, Senior Correctional Programs Specialist at the Mid-

---

[1] The <u>Accardi</u> Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. <u>United States ex rel. Accardi v. Shaughnessy</u>, 347 U.S. 260, 268 (1954).

Atlantic Regional Office of the BOP. ECF No. 11-1. Giddings attest to the fact that on February 26, 2019, Incident Report 2794222 was expunged from Dawn's record and all concomitant sanctions removed. Id., ¶¶ 6 – 9 at 2 – 3.

### III. Standard of Review

#### A. Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Id.; Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams, 697 at 1219. Further, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

#### B. Motion to Dismiss Under Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In

considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted

unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When, as here, a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## C. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any

permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986.

### IV. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner seeks to have Incident Report No. 2794222 for a charge of possession of a dangerous weapon expunged. Because Petitioner's Incident Report No. 2794222 has already been expunged, his claim is mooted. There is no further relief which this Court can grant, and this case should be dismissed.

### V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, construed herein as a Motion for Summary Judgment [ECF No. 10] be **GRANTED** and the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 29, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE