**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES DAWN,**

**Petitioner,**

**v.**                                                 **Civ. Action No. 1:18-CV-156
(Kleeh)**

**FREDERICK ENTZEL,**

**Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 14] AND GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 10]

On August 15, 2018, the pro se Petitioner, James Dawn ("Dawn"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, asking the Court to compel the Bureau of Prisons to expunge a disciplinary proceeding, rescind all imposed sanctions, restore his lost good conduct time, and recalculate his custody classification. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On March 6, 2019, the Respondent, Frederick Entzel ("Respondent"), moved to dismiss the petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Respondent moved, in the alternative, for summary judgment.

On April 29, 2019, Judge Aloi entered a Report and Recommendation ("R&R"), recommending that the Court grant Respondent's Motion to Dismiss, deny and dismiss as moot the

petition, and strike the matter from the active docket of the Court. The R&R also informed the parties that they had fourteen days (and an additional three days for mailing) from the entry of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." ECF No. 14 at 7. It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. To date, no party has filed objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. The Court agrees with Respondent

that the requests to expunge the disciplinary proceeding and restore Dawn's lost good credit time are moot. <u>See</u> <u>ECF No. 11-1</u> at ¶¶ 6, 9. Further, the Court agrees with Respondent that the request to recalculate Dawn's classification is not cognizable in a § 2241 petition because the request relates exclusively to the conditions of Dawn's confinement and not to the fact or length of his incarceration. <u>See</u> <u>Cunningham v. O'Brien</u>, No. 5:14-cv-114, 2015 WL 1915338, at *5 (N.D.W. Va. Apr. 27, 2015). Dawn has no constitutional right to a certain security classification. <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n. 9 (1976). Upon careful review of the R&R, the Court:

(1) **ADOPTS** the R&R [ECF No. 14] for reasons more fully stated therein;

(2) **GRANTS** Respondent's Motion to Dismiss, construed as a Motion for Summary Judgment [ECF No. 10];

(3) **DENIES** and **DISMISSES AS MOOT** the petition [ECF No. 1]; and

(4) **STRIKES** this action from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to the <u>pro se</u> prisoner, via certified mail, return receipt requested.

DATED: June 26, 2019

*/s/ Tom S Kleeh*
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE